[*Civ. No. 2768.      Third Appellate District.—June 24, 1924.*]

WILLIAM BLAND, Appellant, v. BOARD OF TRUSTEES OF GALT JOINT UNION HIGH SCHOOL DISTRICT et al., Respondents.

[1] SCHOOL LAW — EMPLOYMENT AS PRINCIPAL — WHEN DEEMED RE-ELECTED—CONSTRUCTION OF CODE.—Under section 1609 of the Political Code, as amended by act of the legislature approved June 3, 1921, it is a question of employment and not of designation whether a person is employed as a principal of a school or whether he is employed as a principal teacher of a school; and, under said section, as amended, a person once elected as principal, and as principal only, cannot be deemed re-elected from year to year.

[2] ID.—DISMISSAL OF PRINCIPAL.—Although section 1609 of the Political Code is silent as to the procedure or method by which a board of trustees may carry into effect its power to dismiss a principal who is simply a principal and not a permanent teacher, under a reasonable interpretation of said section a principal elected for a year, or other period of time, can only be removed for cause during the term, and not arbitrarily.

[3] ID.—EXPIRATION OF TERM—ELECTION OF SUCCESSOR.—There being nothing in the statute from which a principal can be deemed re-elected, the reasonable inference is that a principal may be elected for such period of time as is agreed upon between the parties, and, in the event no term or period is agreed upon or prescribed, at the expiration of the school year the board of trustees is at liberty to re-elect, or elect a successor to, the one who had previously occupied the position of principal of the school over which the board is exercising jurisdiction.

[4] ID.—PROCEEDING TO COMPEL REINSTATEMENT—INSUFFICIENT PLEADING.—In this action in which the plaintiff sought the mandate of the superior court commanding and requiring the defendants to permit plaintiff to exercise and perform the services of and to

---

2.  See 24 R. C. L. 618.
4.  See 24 R. C. L. 619.

reinstate plaintiff in the use and enjoyment and occupancy of the
position of "principal" of the high school of which defendants
were the trustees, the complaint did not set forth facts sufficient to
justify a judgment in plaintiff's favor.

(1) 35 **Cyc.**, p. 1079 (Anno.).   (2) 35 **Cyc.**, p. 1088.   (3) 35 **Cyc.**,
p. 1079 (Anno.).   (4) 35 **Cyc.**, p. 1094.

APPEAL from a judgment of the Superior Court of Sac-
ramento County.   Peter J. Shields, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Chas. L. Gilmore for Appellant.

Hughes, Bradford & Cross for Respondents.

PLUMMER, J.—The plaintiff began this action seeking
the mandate of the superior court commanding and requir-
ing the defendants to permit the plaintiff to exercise and
perform the services of and to reinstate the plaintiff in the
use and enjoyment and occupancy of the position of prin-
cipal of the Galt Joint Union High School.   To the plaintiff's
complaint the defendants interposed a general demurrer.   This
demurrer was sustained without leave to amend and from
the judgment entered thereupon the plaintiff has appealed.

The complaint alleges that the defendants above named con-
stitute the board of trustees of the Galt Joint Union High
School District; that for more than nine years last past the
plaintiff has been and now is elected by and in the employ
of said board of school trustees and their predecessors, and
said Galt Joint Union High School District, as the principal
of the Galt Joint Union High School; that said Galt Joint
Union High School has been in existence during the said
period of time and during the yearly term just preceding
the commencement of this action; has employed seven teach-
ers under a principal as the teaching force thereof; and that
during the school year just past, the plaintiff occupied the
position as principal of said school at a salary of $2,800
per annum; that on or about the twenty-seventh day of
August, 1923, the defendants wrongfully and unlawfully, and
without cause, or probable cause, precluded and prevented
the plaintiff from performing, and from the right to per-

67 Cal. App.—50

form, the services and duties of principal of said high school, and ever since said date have so precluded and now preclude and prevent the plaintiff from performing the duties of said position; that at divers times since said date the plaintiff has demanded of the defendants permission to discharge the duties of said position, but that the defendants have refused and still refuse to permit the plaintiff so to do; that at no time prior to the twenty-seventh day of August, 1923, or at any other time, have the defendants, or any of them, preferred any charges against the plaintiff for immoral or unprofessional conduct, incompetence, evident unfitness for teaching, persistent violation of or refusal to obey the school laws of California, or any of the rules prescribed for the government of public schools, and, also, that the defendants did not on August 27, 1923, or at any other time, hold any public hearing on any charges against the plaintiff; and that said defendants did not and have not precluded nor prevented plaintiff from the use and enjoyment of said office and duties of principal because of abolishing said position or because of a reduction in the number of teachers employed in said high school. It is also alleged in the complaint that on the twenty-seventh day of August, 1923, and for many years next prior thereto, plaintiff was and still is the holder of a teacher's first-grade state certificate of the state of California, and also of a high school life diploma of the state of California. Does such a complaint state a cause of action?

There is no allegation in the complaint showing that the plaintiff was employed as a teacher, the allegation simply being that he was at some time or other elected principal of the Galt Joint Union High School. There is no allegation as to the date of his election, nor is there any allegation as to the period of time for which he was elected, nor is there any allegation in the complaint that the plaintiff was employed as principal by the board of trustees of said high school district for any particular period, or that any contract was ever entered into between the plaintiff and the trustees of said district fixing or designating the term of the plaintiff's employment. There is no allegation in the complaint showing that the plaintiff was dismissed or removed from his position as principal of said high school during any school year for which he was employed. The allegation

simply is that in the month of August, 1923, he was pre-
vented from assuming the duties of such position, and fur-
ther in the complaint that he had discharged the duties of
principal of said high school, and performed the functions
of said office during the preceding school year. Based upon
the foregoing facts, the appellant contends, in substance, that
his term of office continues from year to year; that after
once being elected as principal, that there being no desig-
nation as to the term, or, at least, nothing being said in
his complaint as to the term of his election, a cause of action
is stated, and the plaintiff is entitled to continue teaching
until he has been removed for cause, as set forth in sub-
division j of the fifth subdivision of section 1609 of the
Political Code. [1] Section 1609, *supra,* provides that:
"Boards of school trustees shall have power and it shall be
their duty: First—To employ a principal for each school
under their control, . . . ; Second—To employ the teachers
as provided in part fifth of this section; . . . provided, that
no board shall enter into any contract with such employees,
other than teachers, to extend beyond the close of the next
ensuing year; except that teachers may be elected on or after
May second for the next ensuing school year and each teacher
so elected shall be deemed re-elected from year to year except
as hereinafter specified; provided, that any teacher who shall
fail to signify his acceptance within twenty days after notice
of his election or employment shall have been given him by
the clerk or secretary of the governing board of the school
district, or shall have been mailed to him by such clerk or
secretary by depositing such notice in the United States post-
office, with postage thereon prepaid, addressed to such teacher
at his last known place of address, shall be deemed to have
declined the same." Provision is then made in the section
for making payment monthly during the current year in-
stead of during the time when the teachers employed are
actually engaged in such services. It will be noticed that
in the provision relating to the election of teachers and that
they shall be deemed re-elected from year to year except as
hereinafter specified, the section, as it stands, amended by
the act of the legislature, approved June 3, 1921 (Stats.
1921, p. 1664), omits therefrom the following: " . . . un-
less the governing body of the school district shall on or

before the tenth day of June give notice in writing to such teacher that his services will not be required for the ensuing school year,'' leaving the section as it now stands amended absolutely silent as to the exceptions in which the teacher should not be deemed to be re-elected. In other words, the language used in the section has failed to express the full intent of the legislature concerning the circumstances under which a teacher may or may not be deemed re-elected from year to year.

By the section, as now amended, there appears an intent on the part of the legislature to draw a distinction between a principal of a school and a principal teacher. In other words, it would seem to be a question of employment and not of designation under the statutes whether a person is employed as a principal of a school or whether he is employed as a principal teacher of a school. The first clause of the section referred to giving powers to the board of school trustees, provides, as above stated, that the board shall employ a principal for each school under their control. In many districts there manifestly would be only one teacher and that teacher would necessarily be the principal of said school. Again, we know the practice has been in many schools where two or three teachers are employed, or, perhaps, more than that, one of the persons who also teaches in the school is designated as the principal thereof. The person so designated is called the principal of the school and he is also a teacher in the school. On the other hand, we can readily conceive of a situation where the school would be so large that it would require the services of one person to act as principal and that the duties of the position would be such as to reasonably occupy all of his time, and, under such circumstances and under the statute, the board would have authority to employ a person who did not devote any of his time to actual teaching but all of his time to supervision and direction. As the section now reads, there is no expression therein from which we can reach the conclusion that a person once elected as principal, and as principal only, could be deemed re-elected from year to year, if, in fact, under the omission of the section which we have above noted, any person could be deemed re-elected to any position from year to year, after having been once so elected by the

board of trustees. Again, under the fifth subdivision of the section of the code with which we are dealing, the board of trustees is empowered to classify teachers as substitute teachers, probationary teachers and permanent teachers. Subdivision e of the fifth subdivision of the section authorizes and empowers the classification of permanent teachers, provided that successful service shall have been performed as teachers in a district employing at least eight teachers, under a principal, who shall devote at least two hours per day to the school or schools under his control. The complaint in this case sets forth that only seven teachers had been so employed and, therefore, if that section is valid, no such classification could exist in the case at bar and the plaintiff is not aided thereby. The constitutionality of this subdivision is challenged by the respondent on the ground that it is special legislation, but as we do not rest our opinion in this case on that subdivision, we express no opinion as to whether the subdivision challenged is or is not constitutional. **[2]** Subdivision j of the fifth subdivision of said section 1609 grants power to the board of trustees to dismiss in the following language: "To dismiss permanent teachers, principals, or supervisors of special subjects, except as hereinafter provided, only for one or more of the following causes, after a fair and impartial public hearing. Causes for dismissal are immoral or unprofessional conduct, incompetence, evident unfitness for teaching, persistent violation of or refusal to obey the school laws of California, or reasonable rules prescribed for the government of public schools." It is then provided that: "Dismissal for cause shall be made only after the following provisions shall have been complied with: The governing board shall give at least ten days notice in writing to any permanent teacher or principal or supervisor of special subjects against whom charges shall have been preferred, . . . " The section then proceeds to prescribe the manner in which a permanent teacher may have a hearing, may introduce evidence in his own behalf and then empowers the board of trustees to dismiss a permanent teacher. There is nothing said in the section, or in the subdivision which we are now considering, about dismissing principals or supervisors of special subjects other than simply giving power of dismissal as above stated. No procedure is pro-

vided for hearing charges against other than permanent teachers. The procedure set forth in the section relates only to permanent teachers. The subdivision also very carefully sets forth how teachers may be dismissed when the circumstances or conditions of the school no longer require their services. Unless we read into the section words not there used or an interpretation which does not appear in the literal language of the section, there is no procedure pointed out, or method indicated, by which a board of trustees may carry into effect its power to dismiss a principal, who is simply a principal, or dismiss a supervisor of special subjects. The evident intent of the framers of the section under consideration was to make secure the position of persons eligible to be classified as permanent teachers without regard to the tenure of persons classed as principal only and supervisors of special subjects. On the part of the appellant it is contended that in the silence of the section on the subject, or by reason of the omission to provide for the dismissal of a principal, that when once elected a principal, the person so elected a principal of any school continues to be such until removed for cause, and for authority to support this contention cites the case of *Kennedy* v. *Board of Education*, 82 Cal. 483 [22 Pac. 1042]. That case, however, is not based upon section 1609 of the Political Code, but rests upon the provisions of section 1793 of the Political Code, which differ materially in terms, and hence that case is not authority here. Section 1793, *supra*, provides: "The holders of city certificates are eligible to teach in the cities in which such certificates were granted, in schools of grades corresponding to the grades of such certificates, *and when elected, shall be dismissed only for violation of the rules of the Board of Education or for incompetency, unprofessional or immoral conduct.*" There is nothing of that kind in section 1609 of the Political Code relating to principals, and from what we have said it is also very doubtful if there is anything of the kind which relates even to teachers. In the Kennedy case the plaintiff was elected a principal teacher and brought her action and prosecuted the same as a principal teacher, seeking a reinstatement as a principal teacher, and not simply as a teacher.

In 31 Cyc. 173 we find the definition of the word "principal," when used as an adjective, as meaning highest in

rank, authority, character, importance or degree. This is, in substance, also the definition by Webster and this definition would apply where one was employed as the principal teacher, as appears in the Kennedy case. From the facts alleged, the plaintiff in this case has no standing as a "permanent teacher," assuming that all of the provisions relating to permanent teachers in the section of the code under consideration are constitutional. The school in which plaintiff has been engaged has not employed the requisite number of teachers. This brings us again to the subject of dismissal of his standing simply as a principal. As we have shown, there is nothing in the section from which he can be deemed to have been elected from year to year. The procedure for his dismissal is wanting in the section. The power to dismiss is therein given. The power to dismiss for cause is therein given. A reasonable interpretation of this provision of the code would be that in the exercise of the power of dismissal, the board is limited in removing a principal to the causes specified during the term for which he had been elected. In other words, a principal elected for a year, or other period of time, could only be removed for cause during the term and not arbitrarily. This does not mean that at the expiration of the year the board would not have the power to elect somebody else to such position. [3] There being nothing in the statute from which a principal could be deemed re-elected, the reasonable inference would be that a principal might be elected for such period of time as might be agreed upon between the parties, and in the event no term or period has been agreed upon or prescribed, at the expiration of the school year, the board of trustees would be at liberty to re-elect or elect a successor to the one who had previously occupied the position of principal of the school over which the board was exercising jurisdiction. [4] It thus follows that whether the plaintiff in this action was occupying the classification as a principal, as distinguished from a teacher, or whether, as contended by respondent, the word "principal" includes the meaning of the word "teacher" as fully and completely as though the plaintiff were described as principal teacher, that the complaint in this action does not set forth facts sufficient to justify a judgment in the plaintiff's favor. The demurrer, therefore,

was properly sustained and the judgment of the lower court is hereby affirmed.

Burroughs, J., *pro tem.*, and Finch, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 21, 1924.