[Civ. No. 1351. Fourth Appellate District.—May 6, 1935.]

CREE T. WORK, Respondent, v. CENTRAL UNION HIGH SCHOOL DISTRICT et al., Appellants.

Glenn M. DeVore, District Attorney, Dan F. Conway, District Attorney, Arthur C. Shepard, Deputy District Attorney, W. C. Tupper, Assistant District Attorney, and Conley, Conley & Conley for Appellants.

David E. Peckinpah and Harold M. Child for Respondent.

BARNARD, P. J.—This is a *mandamus* proceeding brought to compel the respondent district to ''reinstate and restore petitioner to his position as a permanent teacher in said High School and to pay him such salary for such services as he may be regularly entitled to''.

The petition alleged that the petitioner was the holder of a legal high school certificate; that he was employed on July 21, 1928, as one of the regular classroom teachers of said high school for the school year 1928–1929; that he successfully taught as one of the classroom teachers throughout that school year; that he was reemployed and successfully taught as such a teacher during each of the succeeding two years; that at the end of the school year 1930–1931 he had been successfully em-

ployed for three consecutive school years in such position as
a classroom teacher in said high school; that thereupon he
became entitled to classification as a permanent employee of
said district and was so classified; that thereafter he continued
to be an active permanent employee of said district, acting as
principal of said high school throughout the school years 1931–
1932 and 1932–1933; and that about the end of the school
year of 1932–1933 he was dismissed and discharged as teacher
and principal in said high school without charges of any
nature being preferred against him.

An answer was filed denying the allegations of the petition
and affirmatively alleging that from the school year 1928–1929
to and including the school year 1932–1933, the petitioner was
employed from year to year as principal of this high school;
that the board at no time voted to employ the petitioner as a
teacher, nor was he at any time given a contract as a teacher;
that during the school years 1928–1929, 1929–1930 and 1930–
1931, the petitioner voluntarily offered to and did teach one
class occupying one-eighth of the school day, which class was
taught by him entirely as a voluntary act and without any
contract or compensation therefor; and that throughout the
school years 1931–1932 and 1932–1933 petitioner did no teach-
ing whatever, his time being completely and fully occupied
with his administrative duties as principal of said high school.

The action was submitted to the trial court upon the follow-
ing stipulated facts: That the petitioner was employed by the
respondent board as shown by the contracts and minutes of
the board covering the five years, copies of which were at-
tached to the stipulation, and that there are no other records
or documents pertaining to said employment; that at the time
petitioner was employed an oral request was made by members
of the board that he teach one class a day in addition to his
duties as principal; that he agreed to this request but no
formal resolution or order was ever made; that during the
school years 1928–1929, 1929–1930 and 1930–1931, in accord-
ance with this understanding, he taught as a classroom teacher
for one period of each day; that during all of said time there
were eight teaching periods in the day in said school; that the
total duration of petitioner's employment in said district was
a period of five years; that at the meeting of the board when
petitioner was employed for his fourth year an informal dis-
cussion was had between him and the board during which it
was decided that his duties as principal had so increased as

to render his further teaching of a class impracticable; that no formal action was taken thereon but in conformance with said discussion and resultant understanding the petitioner did not thereafter perform any regular service as a classroom teacher; that the school enrollment increased each year during petitioner's employment, being 295 for the first year and 418 for the fifth year; that at the end of the fifth year of employment the respondents notified the petitioner that his services would no longer be required; that the petitioner thereupon notified the respondents that he desired to be retained as a classroom teacher; and that the petitioner presented himself on the opening of the next school year and requested an assignment as a classroom teacher, which request was refused.

Attached to the stipulation are copies of the contracts for each of the five years with the minutes of the board showing what was done with respect to employing the petitioner for each of these years. The minutes refer only to his employment as principal, and each of the five contracts recites that he had been elected as principal of said high school.

The trial court made no findings of fact, but entered judgment in favor of the petitioner and issued a peremptory writ of mandate commanding the respondents to reinstate and restore the petitioner to the position of a full-time permanent classroom teacher in said high school and to make provision for the payment of his salary, as provided by law, from the twenty-fifth day of September, 1933. From the judgment so entered, the respondents took this appeal. For convenience, the parties will be herein referred to as petitioner and respondents, respectively.

█ While the petitioner concedes that under the provisions of the School Code he is not entitled to tenure as a principal, his main contention is that section 5.502 of that code entitles such a principal, after more than three years' service, to permanent classification as a schoolroom teacher regardless of whether or not he has done any classroom teaching as a part of his work.

A state-wide teachers' tenure was first provided in 1921 by amendment to section 1609 of the Political Code. In *Bland v. Board of Trustees,* 67 Cal. App. 784 [228 Pac. 395], after pointing out that in many of the smaller schools one of the teachers is designated as the principal thereof and that the act then in force disclosed an intent on the part of the legislature to draw a distinction between a principal and a principal-

teacher, it was held that the act gave tenure to such a teacher but not to a principal who is not a teaching principal. In 1927, this section was amended by changing the clause relating to dismissals so as to include "permanent employees in positions requiring certification qualifications". At the same time the section was so amended as to provide that "no person employed in an administrative or supervisory position requiring certification qualifications shall be classified as a permanent employee other than as a classroom teacher". In *Anderson* v. *Board of Education*, 126 Cal. App. 514 [15 Pac. (2d) 774, 16 Pac. (2d) 272], a case involving a school principal in the city of San Francisco under a different statute and a charter provision, the court said: "It may have been contemplated that in many of the smaller school districts it might not be practicable to place principals in this classification, but that, in the larger districts which were conterminous with the boundaries of chartered cities permanency in the employment of school principals would be desirable." These provisions of section 1609 of the Political Code were carried over into the School Code which was adopted in 1929. Section 5.501 of this code provides that every employee of a school district having an average daily attendance of less than 850 pupils, who has completed three consecutive school years in a position requiring certification qualifications and who is reelected for the next succeeding school year to such a position, may be classified by the governing board of the district as a permanent employee. Section 5.502 provides that no person employed in an administrative or supervisory position requiring certification qualifications shall be classified as a permanent employee other than as a classroom teacher. By amendment in 1931 it was provided that this section shall not apply in certain cases in a city or city and county where the charter thereof provides otherwise.

The petitioner contends that since he was employed for more than three years in a position requiring certification classifications he became a permanent employee of the district. He argues that while section 5.502 of this code prevents his being given a permanent status as principal, it must be interpreted as requiring that he be classified as a permanent classroom teacher. We think the whole history of this legislation indicates a contrary intention on the part of the legislature. It has frequently been held that the right of tenure accrues from and is based upon the kind of work done during the proba-

tionary period. In *Cullen* v. *Board of Education*, 126 Cal. App. 510 [15 Pac. (2d) 227, 16 Pac. (2d) 272], the court said: "This right of tenure is a right which the teacher enjoys to continue in the position or positions to which he has become elected under the statute—i. e., in a position or positions of a rank and grade equivalent to that occupied for the probationary period and to which the teacher has thus become 'elected' under the statute." The distinction between a principal and a teacher is a natural one and there are good reasons why a principal who is not given tenure in that capacity should not be arbitrarily given tenure in the entirely different work of a classroom teacher. The qualities required for a good administrator may be and often are quite different from those required for a good teacher. A school board might well be allowed to pick out a good administrator, especially in a school of a fair size, without being compelled to keep him indefinitely as a classroom teacher when his services were no longer desired as a principal. We have no doubt the legislature recognized this distinction and that in providing that a person employed in an administrative or supervisory capacity should not be classified as a permanent employee other than as a classroom teacher, it intended only to protect the rights of a teacher who had incidentally acted as a principal and to enable such a teacher to retain his rights as a teacher and to be classified under his teaching record and in accordance therewith, and not to provide that a person exercising administrative functions only must be permanently retained in an entirely different capacity. We think this section means that a person employed in an administrative position may be classified as a classroom teacher only when the same is justified by the work upon which the classification is based or, in other words, when classroom teaching actually performed entitles him to such classification. In our opinion, this section was intended to carry out the former policy of not giving tenure to principals, outside of certain cities, and the same was designed to maintain the distinction between principals and teacher-principals and to protect the latter in the rights which they have acquired as classroom teachers. We therefore hold that the petitioner is not entitled to tenure as a classroom teacher because of his five-year service as a principal in the respondent district.

The next question is whether the petitioner acquired a permanent status through teaching one class a day throughout

the first three years of his employment by the respondent board. The petition alleges that he was employed as a classroom teacher during the first three years, that having been successfully employed as such for that time he became entitled to classification as a permanent employee, that he was so classified and that he acted as principal of said high school during the next two years. There is no proof that he was classified as a permanent teacher by the board at the end of the first three years. It fully appears that when he was re-employed for the fourth year it was not contemplated that he should continue his part-time teaching, and that it was expressly agreed otherwise.

■ The written contracts show that he was employed as a principal during the whole five years. Some reliance is placed upon the fact that the contract for the fifth year referred to him as a permanent employee. It would appear that this was a mistake upon the part of the clerk of the board, as the minutes of the board show no such classification, and the same statement appears in the first written contract entered into in 1928 before the petitioner had performed any service at all. In any event, this statement in the contract for the fifth year could relate only to petitioner's work as a principal and, if we are correct in the views above expressed, the board had no power to classify the petitioner as a permanent employee by reason of that work.

■ Assuming that the petitioner might have acquired a permanent status as a classroom teacher, at least so far as one period a day is concerned, had he continued to teach such a period for more than three years, a different situation is here presented. When he was reelected principal for the fourth year it was agreed that he should devote his entire time to his work as principal and should do no further teaching except in emergency cases. Pursuant to this agreement he discontinued his part-time teaching. Any permanent status as a classroom teacher could come only from classroom work carried on for three years and thereafter continued. By accepting employment as a principal only and by discontinuing his classroom service the petitioner lost any right to a permanent standing based upon a continuation of any teaching done during the probationary period. Under these circumstances, the teaching of one class a day for three years did not ripen into tenure even for that amount of work, much less for full-time employment as a schoolroom teacher.

Under the view we take of the main questions involved it is not necessary to consider or decide the other questions raised.

The judgment appealed from is reversed.

Marks, J., and Jennings, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District. Court of Appeal, was denied by the Supreme Court on July 5, 1935.