[Civ. No. 13701.   Second Dist., Div. Two.   July 9, 1942.]

CLEMENTINA DE FORREST GRIFFIN, Appellant, v.
LOS ANGELES CITY HIGH SCHOOL DISTRICT
et al., Respondents.

Milton M. Cohen, Arthur E. Briggs, Carl B. Sturzenacker
and Milton M. Cohen, Jr., for Appellant.

J. H. O'Connor, County Counsel, and W. B. McKesson,
Deputy County Counsel, for Respondents.

WOOD (W. J.), J.—In this proceeding petitioner asked
the lower court to issue a writ of mandate commanding re-
spondent high school district and the Board of Education of
the city of Los Angeles to reinstate her as principal in one
of the high schools of respondent district.   The trial court
sustained a demurrer to her petition without leave to amend
and petitioner has appealed from the ensuing judgment.

It is alleged in the petition that petitioner for more than
20 years was successfully employed as a principal in the high
schools of the respondent district, her last work in that capac-
ity having been performed throughout the school year 1940-41
and that during this entire period her work was not criticized

by any superior; that on or about May 2, 1941, the respondent board of education took action by which it proceeded to "demote" her to the position of a high school teacher; that her salary as principal for the school year 1940-41 was $5,100 per year and that other high school principals are being paid the same salaries for the school year 1941-42 as for the school year 1940-41. In addition to asking restoration to her position as principal, petitioner asked for payment of her salary as such principal for the months of the school year 1941-42. She attached to her petition a copy of a rule of the board of education which she claims afforded her the right of a hearing before her assignment to the position of high school teacher and contends that she was improperly denied a hearing before action was taken by the board.

It is conceded that petitioner has not held a city certificate and that her petition does not come within the ruling of *Kennedy* v. *Board of Education,* 82 Cal. 483 [22 Pac. 1042]. In 1921 the Legislature enacted a state-wide teachers' tenure law, which was so amended in 1927 as to provide that "no person employed in an administrative or supervisory position requiring certification qualifications shall be classified as a permanent employee other than as a classroom teacher." It has been held that tenure was not given to principals by the state-wide tenure law. (*Bland* v. *Board of Trustees,* 67 Cal. App. 784 [228 Pac. 395]; *Work* v. *Central Union H. School Dist.,* 6 Cal. App. (2d) 626 [44 P. (2d) 1047].) In 1929 the School Code was adopted but we find that, rather than giving tenure to principals, section 5.502 provides that no person employed in an administrative or supervisory position requiring certification shall be classified as a permanent employee other than as a classroom teacher. The section specifically provides that a person so employed shall "be classified as and shall become a permanent employee as a classroom teacher." The decision in *Anderson* v. *Board of Education,* 126 Cal. App. 514 [15 P. (2d) 774, 16 P. (2d) 272], is not of aid to petitioner, for in that case tenure was accorded a principal in the city of San Francisco because of a charter provision applicable only to that city. In ruling in favor of the petitioner in the Anderson case the court said: "In this case we purposely refrain from determining the application of the School Code to the principals in districts outside of San Francisco and confine our judgment to the facts presented in the petition."

Paragraph X of the petition is as follows: "That on or about May 2nd, 1940, by resolution of said Board of Education, said board duly and regularly adopted and enacted a rule and procedure to be applicable to all of the certified personnel of said school district, a copy of which rule is hereto attached, marked, 'Exhibit A,' and made a part of this petition." According to the copy of the rule attached to the petition provisions are made for the appointment of committees for the purpose of hearing charges against certificated employees. ■ The action of the board of education in adopting a rule providing for hearings of charges against certificated employees cannot be construed as giving tenure to principals, who are not accorded tenure by the general law. Respondents argue that the rule itself does not give an employee against whom charges may be filed the absolute right to demand a hearing. Consideration of this point would require a lengthy discussion of the elaborate procedure set up in the rules, a discussion which we consider unnecessary in view of our conclusion that the rule has no application to principals. Preceding a statement of the steps to be taken for the hearings provided by the rule we find the heading: "Certificated Personnel. Re: Preliminary Hearing Procedure for Certificated Personnel." Then follows this discussion: "The California School Code provides a procedure for the dismissal of both probationary and permanent certificated employees. When and if this procedure is to be followed, it is essential that a thorough investigation of the facts in each case has been made to warrant the filing of charges against an employee. . . ." In the steps outlined for the "preliminary hearing" it is provided that charges shall be filed by the assistant superintendent in charge of the school "to which the certificated employee is assigned." It is at once apparent that the rule is applicable to "probationary and permanent certificated employees." Principals are not permanent employees. There is nothing in the rule which gives a principal, who has not been accorded tenure, a right to demand a hearing before any committee referred to in the rule. Petitioner's rights as a classroom teacher are not involved in this proceeding.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 2, 1942.