[Civ. No. 46627. Second Dist., Div. Three. Aug. 24, 1976.]

DORIS J. VICK, Plaintiff and Appellant, v.
BOARD OF EDUCATION OF THE LOS ANGELES UNIFIED
SCHOOL DISTRICT et al., Defendants and Respondents.

COUNSEL

Trygstad & Odell and Lawrence Trygstad for Plaintiff and Appellant.

John H. Larson, County Counsel, and Ronald J. Selgrath, Deputy County Counsel, for Defendants and Respondents.

OPINION

ALLPORT, J.—Pursuant to a petition for writ of mandamus under Code of Civil Procedure section 1094.5 filed in the superior court, Doris J. Vick seeks to compel the Board of Education of the Los Angeles Unified School District and Los Angeles Unified School District to set aside its decision made May 21, 1973, not to reemploy her for the 1973-1974 school year.

It appears without conflict that on February 1, 1971, Vick was employed by the district as a probationary teacher. She served as such at the North Valley Occupational Center for the school years 1971-1972 and 1972-1973. On March 9, 1973, an accusation was filed preferring charges of unprofessional conduct, dishonesty and persistent violation of

or refusal to obey reasonable regulations of state and district governing boards and advising that her services would not be required for the school year 1973-1974.[1] Following an administrative hearing on the charges the hearing officer filed a proposed decision dated May 8, 1973, wherein some 11 of the charges were found to be established, each of which related to the welfare of the schools and the pupils. It was also found that: "None of the conduct charged occurred during the 1972-73 school year. None of the conduct proved relates to respondent's skill or competence to teach. The corrective steps, if any, taken by the administration, have successfully eliminated objectionable activity on respondent's part."

On May 21, 1973, this decision was adopted and the following decision was rendered by the board:

"DECISION

"The attached Proposed Decision of the Hearing Officer is hereby adopted by the Los Angeles City Board of Education as its decision in the above-entitled matter.

"Sufficient cause exists pursuant to Section 13443 of the Education Code not to reemploy respondent for the 1973-74 school year.

*****

"WHEREFORE, THE FOLLOWING ORDER is hereby made:

"The service of the respondent DORIS J. VICK will not be required for the ensuing school year.

"Service of this decision shall constitute notice to respondent that her services will not be required for the 1973-1974 school year."

The petition for writ of mandate was submitted to the trial court on the basis of a transcript of the administrative hearing. It was expressly found by the court that, during the period from June 22, 1971, to March 6, 1972, Vick committed a number of the acts of misconduct charged against her, none of which, however, occurred during her second year of

---

[1] This was done in accordance with section 13443 of the Education Code.

teaching—the 1972-1973 school year. From these findings the trial court concluded as follows:

"CONCLUSIONS OF LAW

"1. The BOARD OF EDUCATION OF THE LOS ANGELES UNIFIED SCHOOL DISTRICT may consider any events which occurred during a certificated employee's probationary period in determining whether or not to dismiss the certificated employee.

"2. Sufficient cause exists within the meaning of Education Code Section 13443 to discharge the petitioner as a certificated employee of the LOS ANGELES UNIFIED SCHOOL DISTRICT." Judgment was entered accordingly denying the writ and awarding costs to the district. Vick appeals from the judgment.

*Contentions*

Vick contends that (1) termination of employment cannot be based upon what happened during the 1971-1972 year prior to her reemployment for the 1972-1973 year, (2) the district is estopped from dismissing her, (3) the conduct was not such as to justify dismissal under section 13443 of the Education Code, (4) the findings are not supported by the evidence, and (5) the board was without jurisdiction to refuse to reemploy her for the 1973-1974 school year because of a failure to reevaluate her during the 1972-1973 school year in accordance with sections 13485-13490 of the Education Code.

*Discussion*

■ The argument in support of the first three contentions listed above have for a common theme the premise that, because all of the acts of alleged misconduct occurred during the school year 1971-1972 and she was reemployed and satisfactorily completed a teaching assignment for the school year 1972-1973, Vick could not be denied employment for the year 1973-1974.

Despite Vick's efforts to distinguish the recent case of *Turner v. Board of Trustees,* 16 Cal.3d 818 [129 Cal.Rptr. 443, 548 P.2d 1115], we consider the rationale of *Turner* dispositive of the first three contentions set forth above. In *Turner* it was said at page 828:

"Turner contends his rehiring for the 1971-1972 school year establishes that his conduct was satisfactory in the 1970-1971 school year. However, a recommendation not to rehire for the next school year must be given prior to 15 March or the teacher is automatically hired for the next year. (§ 13443.) The rehiring occurrence in the midst of the school year may not be viewed as a determination of satisfactory conduct for the entire year. It is noted Turner's low performance occurred partially after 15 March 1971, the administrator gaining knowledge of all his questionable conduct after that date.

"Although Turner's performance during his second year was satisfactory, he cannot demand—and courts may not require—the school board and students face the risk of repetition of earlier unsatisfactory performance.

"Viewing the record as a whole, we conclude the board did not abuse its discretion in refusing to rehire Turner."

We do not agree with the statement found in the reply brief that the instant case is "easily and readily distinguishable" from *Turner.* On the contrary the factual distinction, if any, does not permit of our ignoring its application in the instant case. We conclude, therefore, that the trial court did not err in holding the district could consider the events transpiring during the 1971-1972 school year and the district was not estopped from nor did it exceed its jurisdiction in terminating Vick's employment. We find nothing in the applicable law which restricts the board to a consideration of current events in deciding to terminate the employment of a probationary teacher.

In *Turner* v. *Board of Trustees, supra,* 16 Cal.3d 818, we find the following at pages 822-823:

"The Legislature has created a comprehensive scheme delineating the rights of teachers to their positions. Teachers are classified as permanent employees—and probationary employees. In general, a teacher employed by a school district for three consecutive school years, if reelected for the next school year, becomes a permanent employee at the commencement of the fourth school year. (§ 13304.) During the three-year period, a teacher employed for a school year is a *probationary teacher.* (§ 13334.)[3]

"Grounds for dismissal of a *permanent* employee are specified in sections 13403 and 13403.5.[4] The permanent employee must be given notice of the charges between September 16 and May 14, and he may demand a hearing. When the cause for dismissal is based on subdivision (d) of section 13403 (incompetency), the hearing shall be by a commission on professional competence, composed of one member selected by the employee, one by the school board and one a hearing officer of the State Office of Administrative Procedure. (§ 13413.) Either the school board or the employee may seek court review of the commission's decision, and the court on review shall exercise its independent judgment on the evidence.[5] (§ 13414.)

"Probationary employees may be dismissed *during the school year* for cause only, as in the case of permanent employees. (§ 13442.)

"The school board—by giving notice prior to 15 March—may decide not to reemploy a probationary teacher for the ensuing school year. The probationary teacher is then entitled to timely request a hearing before a hearing officer who shall prepare a proposed decision. (§ 13443, subd. (c).)

"Subdivision (c) of section 13443 provides that the school board shall make the final determination as to rehiring probationary teachers. Subdivision (d) of that section also reflects legislative intent to limit judicial review: 'The governing board's determination not to reemploy a probationary employee for the ensuing school year shall be for cause only. The determination of the governing board as to the sufficiency of the cause pursuant to this section shall be conclusive, but the cause shall relate solely to the welfare of the schools and the pupils thereof.' " (Fns. omitted.)

It is argued that Education Code sections 13485-13490 (Stull Act) entitled Vick to be evaluated and assessed during the 1972-1973 school year and the failure to do so deprived the district of jurisdiction to terminate her employment. We do not agree. If effect is to be given to the distinction between probationary and permanent teaching status the legislative scheme delineating the rights of teachers to their positions would not be furthered by making compliance with the provisions of the Stull Act a jurisdictional requirement for the dismissal of probationary teachers under section 13443. To do so would obliterate the distinction between the two in this respect. The difference in status envisages an

overall three-year probationary status not requiring annual evaluation in the rehiring procedures.

It is also contended in her opening brief that the facts as found by the trial court are not supported by the evidence. In its reply district refers to specific testimony in the reporter's transcript alleged to support the criticized findings. The issue is not pursued in the reply brief and for that reason it is deemed abandoned by this court. However we have examined the evidence referred to by the district and conclude it substantially supports the trial court's findings. (*Turner, supra,* pp. 824-828.)

The judgment is affirmed.

Cobey, Acting P. J., and Potter, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 21, 1976.