[No. B004995. Second Dist., Div. Four. Jan. 23, 1985.]

MARJORIE P. TUCKER, Plaintiff and Appellant, v.
LEWIS ROACH, as a Board Member, etc., et al., Defendants and
Respondents.

**COUNSEL**

Rourke & Woodruff and Lois E. Jeffrey for Plaintiff and Appellant.

Melanie E. Lomax for Defendants and Respondents.

**OPINION**

**KINGSLEY, Acting P. J.**—Petitioner[1] appeals from a judgment denying her petition for a writ of mandate designed to set aside a reassignment in her position with respondent school board. We affirm.

---

[1]Originally there were seven petitioners, each raising the same procedural issue. The original petitioners other than Ms. Tucker have abandoned their appeal by reason of settlements reached by them with the board. Petitioner Tucker remains the sole appellant. We have phrased the caption of this opinion accordingly.

In 1977 and for several years prior to that year, petitioner had been employed by respondent school board as "Coordinator, Library & Text Book Services & Educational Media"—an "administrative" position for which she held the requisite credentials. She also held a valid credential as a classroom teacher. On or about February 15, 1978, she received a copy of a form letter, sent on or about that date to all persons (including the district superintendent) holding administrative positions in the district, advising all the recipients of their possible release from administrative duties and reassignment to classroom teaching in the 1978-1979 school year. Subsequently, she was assigned to a classroom position for the 1978-1979 school year. She brought this petition for a writ of mandate (in effect) to compel the board (and its officers) to vacate the action taken in 1978 and to reestablish her in her administrative post. The trial court, after a hearing, denied the petition; she has appealed; we affirm.

As an "administrator," petitioner has no tenure, although she does have tenure as a classroom teacher. (*Hentschke* v. *Sink* (1973) 34 Cal.App.3d 19 [109 Cal.Rptr. 549].) The Legislature has, however, given to administrators certain rights in connection with removal from an administrative post. Those rights are set forth in section 44951 of the Education Code. That section reads as follows: "Unless a certificated employee holding a position requiring an administrative or supervisory credential is sent written notice deposited in the United States registered mail with postage prepaid and addressed to his last known address by March 15 that he may be released from his position for the following school year or unless the signature of such an employee is obtained by March 15 on such written notice that he may be released from his position for the following year, he shall be continued in such position. The provisions of this section do not apply to a certificated employee who holds a written contract with an expiration date beyond the current school year, or to a certificated employee holding a position that is funded for less than a school year, or to a certificated employee assigned to an acting position whose continuing right to hold this position depends on his being selected from an eligible list established for the position, or to the termination of employment pursuant to Section 44955. A certificated employee serving under Section 35042 shall be notified by March 1 if the governing board determines on an individual basis that he may be released for the following school year."

It is admitted that, in form, the notice received by petitioner met the requirements of that section. The contention is that, since the recognized purpose of the March notice is to enable an administrator, who does not want to be reassigned, to seek comparable appointment as an administrator in some other district, a blanket form notice sent to *all* administrators does

not carry with it adequate warning of the possibility that any particular individual administrator will be reassigned.

We reject that contention. The very terms of the statute show that the Legislature envisaged the situation herein involved, i.e., that a school board contemplates *some* reduction in administrative staff as early as March, but has not yet decided what post or posts should be abolished or which individuals will be affected. Obviously, in that situation, notices must be sent to more persons than ultimately will be affected. As the record here shows, in the spring of 1978, the board faced the possibility (ultimately shown to be real) that their budget for 1978 might be severely restricted, and also the recommendation of a new superintendent to effect a major reorganization of his entire, districtwide, administrative staff. Under those circumstances, nothing could permit the board, in the time before final plans could be agreed upon, to make the potential reductions, and to select the individuals involved. Since the notices are, by express language in the statute, advisory only, necessarily, a recipient must gamble that the final plans will not affect him (her). Whether to take that gamble and not seek other employment, the Legislature has left to the individual administrator. In making that choice, the individual must weigh the chances that a final plan will be limited or be one making a broad sweep of the whole administrative organization. The statute does not, and if it is to effect its purpose cannot, give any one individual administrator a "tip" as to his own particular fate.

The judgment is affirmed.

McClosky, J., and Arguelles, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 20, 1985.