[Civ. No. 38541. First Dist., Div. Four. July 23, 1976.]

BRUCE ANDREW BARTON, Plaintiff and Respondent, v.
GOVERNING BOARD OF THE MIDDLETOWN UNIFIED
SCHOOL DISTRICT OF LAKE COUNTY, Defendant
and Appellant.

COUNSEL

Trygstad & Odell and Donald W. Odell for Defendant and Appellant.

A. Leonard Bjorklund, Jr., for Plaintiff and Respondent.

**OPINION**

**EMERSON, J.***—The Governing Board of the Middletown Unified School District appeals from a judgment directing issuance of a writ of

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

mandate compelling the reemployment of respondent Barton as vice-principal of Middletown High School for the 1975-1976 academic year. The court found that respondent could not be dismissed or reassigned to a teaching position without having been given the notice required by section 13443.6 of the Education Code,[1] and that such notice had not been given.

Barton was employed by appellant at the Middletown High School from November 1971 to September 1972 as a teacher and counselor. From September 1972 through the end of the 1974-1975 school year he was employed as vice-principal. Bob Pipes became principal of the high school and superintendent of the district in 1973. Sometime thereafter, Pipes became dissatisfied with Barton's performance as vice-principal, and at the end of the 1973-1974 school year he made the first of several contacts with the attorney for appellant concerning the possibility of removing Barton as vice-principal. Acting on the belief that Barton was a probationary employee, Pipes recommended to appellant on December 17, 1974, that Barton be released at the end of the 1974-1975 school year. Pursuant to section 13443, this initial recommendation was formalized in a letter sent to appellant on March 6, 1975, and in a dismissal notice sent to Barton on the same date. Barton requested a hearing. Before the hearing took place, Barton's attorney advised the office of administrative hearings that Barton appeared to be a *permanent* employee and therefore not subject to release under section 13443. As a result, on or about April 30, 1975, appellant discontinued the action against Barton. On May 12, appellant informed respondent that he would be reemployed for the 1975-1976 school year as a teacher rather than an administrator.

In June 1975, Barton instituted the mandate proceedings which resulted in the judgment here appealed from. Pending appeal, Barton accepted employment from appellant as a teacher for the 1975-1976 school year, which has expired.

■ At the outset of this discussion, we reject Barton's contention that this appeal should be dismissed as moot. The doctrine of mootness should not be invoked in cases which involve important public questions and which arise from situations which may recur while evading review. (See *In re William M.* (1970) 3 Cal.3d 16, 23, fn. 14 [89 Cal.Rptr. 33, 473 P.2d 737].) This rule is applicable to the instant case.

[1] All statutory references made hereinafter will be to the Education Code unless specified otherwise.

■ Appellant first argues that the trial court was without authority to compel it to continue to employ Barton in his former administrative position. The contention is without merit. Section 13443.6 states that unless timely and proper notice is given, the administrative employee "shall be continued in such position" for the following school year. Appellant relies on cases which are not in point: *Hentschke* v. *Sink* (1973) 34 Cal.App.3d 19 [109 Cal.Rptr. 549] holds merely that, *if proper notice is given,* a court cannot interfere with a school board's authority to release an administrator for whatever reason the board feels is adequate. The board's discretionary power is encumbered only by the requirement of timely notice. *Netwig* v. *Huntington Beach Union High Sch. Dist.* (1975) 52 Cal.App.3d 529 [125 Cal.Rptr. 170] recognized the power of a school board to reassign a tenured *teacher* to any position within the scope of the position under which tenure was acquired. It does not speak to the issue of reassigning an *administrator* to a teaching position. And in *Council of Directors and Supervisors* v. *Los Angeles Unified Sch. Dist.* (1973) 35 Cal.App.3d 147 [110 Cal.Rptr. 624], the court based one aspect of its ruling on the apparent assumption that notice under section 13443.6 is a prerequisite to reassigning administrative employees to teaching positions. (*Id.,* at p. 153.) Appellant's contention thus fails; although the cited cases illustrate the broad discretionary powers of a school board, they do not liberalize the unequivocal language of section 13443.6. That section requires notice to be given to an employee who is to be discontinued as an administrator, regardless of whether such discontinuation is for complete termination of employment or merely for reassignment to a different position.

Appellant contends alternatively that if notice is required for reassignment, the notice given March 6 pursuant to section 13443 was a sufficient substitute for the notice required by section 13443.6. The trial court determined that notice under section 13443 was not equivalent to notice under section 13443.6. We agree. An employee can only be released under section 13443 for cause. Such release puts a teacher's professional qualifications in question and calls for the teacher to devote his time and resources to his defense. The March 15 deadline for notice of intended dismissal guarantees the teacher adequate time to prepare for the hearing. As the court noted in *Hentschke* v. *Sink, supra,* however, the release of an administrator under section 13443.6 may typically involve no more than a personality conflict. To promote efficient administration, removal of an administrator is made simpler; it does not involve a finding of cause. The March 15 deadline for notice is apparently intended to afford the employee time to seek other employment as an

administrator. Respondent thus submits that although in both cases the employee is given "notice of possible release," the impact of this notice will be drastically different depending upon whether it is given pursuant to section 13443 or pursuant to section 13443.6.

If notice under the two sections were to be deemed interchangeable, an employee in respondent's position could successfully defend against. and refute a section 13443 dismissal for cause only to be told that, based on the earlier notice, he was now to be proceeded against pursuant to section 13443.6. Although this eventuality is unlikely, it illustrates a further reason for requiring a school board to commit itself to one course of action so that the challenged employee can react from a position of certainty.

The judgment is affirmed. Respondent's request for damages under section 907 of the Code of Civil Procedure is denied.

Caldecott, P. J., and Christian, J., concurred.