[Civ. No. 38826. First Dist., Div. Three. Nov. 26, 1976.]

CARL R. ANACLERIO, Plaintiff and Appellant, v.
DOLORES SKINNER et al., Defendants and Respondents.

**COUNSEL**

Handler, Baker & Greene and Raymond A. Greene, Jr., for Plaintiff and Appellant.

James G. Seely and Maurice J. Nelson as Amici Curiae on behalf of Plaintiff and Appellant.

Milton Goldinger, County Counsel, Billy B. Burton, Assistant County Counsel, and Harry B. Wyeth, Deputy County Counsel, for Defendants and Respondents.

**OPINION**

**DRAPER, P. J.**—Plaintiff was appointed principal of a high school in Vacaville Unified School District at the opening of the 1973-1974 school year, and was re-employed the following year. No performance rating was prepared in his first year as principal, and apparently no difficulties arose. On September 23, 1974, however, the district superintendent met with plaintiff and suggested a number of improvements to be made in his performance. A letter to the same effect was sent by the superintendent to plaintiff the next day. On January 27, 1975, plaintiff received a performance rating, appraising him as "weak" to "average" on most factors. He was notified February 19th he would not be continued as principal for 1975-1976, but that he was recommended for assignment as a teacher. Plaintiff asked for reasons for his reassignment, and was advised by letter that they were his failure to follow the directions of the superintendent, failure to develop good staff organization, failure to handle administrative functions efficiently, and the best interests of the school district. Plaintiff appealed the decision, which was affirmed by the school board June 9. He accepted the teaching assignment without prejudice to contesting his termination as principal, and thereupon sought writ of mandate requiring the members of the board to re-employ him as principal. After hearing, the trial court denied the writ. Plaintiff appeals.

It is undisputed that appellant received timely notice of reassignment, a statement of reasons therefor, and a hearing before the school board. He cites no statute directly establishing other limitations, either substantive or procedural, upon reassignment from administrative to teaching duties. Thus he obviously claims no violation of any such statute.

He relies wholly upon the Stull Act (Ed. Code, §§ 13485-13490). But that act merely establishes "a uniform system of evaluation and assessment of the performance of certificated personnel" within each school district. It requires periodic evaluation reports to the certificated employee. ■ Nowhere does it purport to establish such reports as a jurisdictional requirement to termination (see *Vick* v. *Board of Education*, 61 Cal.App.3d 657 [132 Cal.Rptr. 506] [hg. den.]). Whatever may be incorporated in sections dealing with termination of teachers, no statute so limits termination of purely administrative assignments within a school district.

An administrator in the school system is to be distinguished from classroom teachers. ■ An administrator serves in that capacity "at the pleasure of the appointing power. Nothing in the statutes above quoted limits the authority of the appointing power to remove an administrator for any reason satisfactory to that appointing power; nothing in the statutes entitles an administrator, so removed, to any hearing, other than the requirement that, on request, he be furnished · with a statement of the reasons for his reassignment to a different status." (*Hentschke* v. *Sink*, 34 Cal.App.3d 19, 22 [109 Cal.Rptr. 549].) Appellant was given the required notice (*Barton* v. *Governing Bd.*, 60 Cal.App.3d 476 [131 Cal.Rptr. 455]). His request for statement of reasons was honored and, although no hearing was required, he was afforded hearing before the full board.

■ In holding that the Stull Act does not restrict reassignment of an administrator, we by no means emasculate that act. The right to annual evaluation remains, and is enforceable by mandate if not granted on request. Plaintiff would have us add to the act a provision the Legislature did not make. That omission is emphasized by the absence of any reference to Stull Act evaluation in the statutes governing removal and reassignment of administrators.

The parties differ as to whether the Stull Act has any application to administrative personnel. A 1975 amendment (Ed. Code, § 13487, subd.

(c)) makes clear that it does so apply now. We need not and do not determine whether it so applied at the time here in issue, because we have concluded above that the evaluation provisions of the Stull Act do not create a condition precedent to a reassignment which terminates a purely administrative assignment.

Judgment affirmed.

Devine, J.,* and Emerson, J.,† concurred.

A petition for a rehearing was denied December 24, 1976, and appellant's petition for a hearing by the Supreme Court was denied January 27, 1977.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

†Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.