[Civ. No. 57223. Second Dist., Div. Three. June 25, 1980.]

THERESA M. HOYME, Plaintiff and Respondent, v.
BOARD OF EDUCATION OF THE ABC UNIFIED SCHOOL
DISTRICT et al., Defendants and Appellants.

---

**COUNSEL**

Sanford K. Smith for Defendants and Appellants.

Frank B. Snyder for Plaintiff and Respondent.

---

**OPINION**

**POTTER, Acting P. J.**—This is an appeal by the Board of Education of the ABC Unified School District, et al. (hereinafter Board) from a

judgment of the superior court denying the Board's motion for summary judgment and granting the writ of mandate brought by Theresa M. Hoyme, compelling her reinstatement as an elementary school principal for the 1978-1979 school year.

Hoyme had been employed by the Board as a principal for six years. On February 22, 1978, she was handed a form entitled "Notice of Possible Release from Administrative or Supervisory Position." She was not asked to sign the form. Nor was any written notice sent her by registered mail prior to March 1, 1978. The superior court found that she had been improperly removed from her position as a principal and reassigned to a teaching position as of July 1, 1978, because the notice given her did not comply with the specific requirements of Education Code[1] section 44951.

At issue is the interpretation of that section which provides in pertinent part: "Unless a certificated employee holding a position requiring an administrative or supervisory credential is sent written notice deposited in the United States registered mail with postage prepaid and addressed to his last known address by March 15 that he may be released from his position for the following school year or unless the signature of such an employee is obtained by March 15 on such written notice that he may be released from his position for the following year, he shall be continued in such position.... A certificated employee serving under Section 35042 [i.e., as a principal] shall be notified by March 1 if the governing board determines on an individual basis that he may be released for the following school year."

The Board contends that notice by personal delivery without obtaining the employee's signature constitutes "substantial compliance" with the section and is, therefore, valid. Hoyme contends that a proper notice must strictly comply with the express requirements of the section.

### Discussion

#### Summary

Strict compliance with the explicit provisions for notice is required. The language of this section, which provides for release of an adminis-

---

[1]Except as otherwise noted, all references hereinafter are to the Education Code.

trator without a finding of cause, is mandatory and unequivocal. Moreover, the statute was amended specifically to require such procedures to be followed. Accordingly, we will affirm the judgment.

*Strict Compliance Is Required*

■ Proper and timely notice is a prerequisite to releasing administrators and reassigning them to teaching positions. (*Barton* v. *Governing Board* (1976) 60 Cal.App.3d 476, 479 [131 Cal.Rptr. 455].) Section 44951 expressly sets forth two alternative methods for giving such written notice to a principal: (1) sending the notice by registered mail by March 1, or (2) otherwise conveying the written notice provided that the signature of the principal is obtained by that date on the written notice.[2] Nowhere is there any indication that the Legislature intended to permit "substantial compliance" by personal delivery without any signed receipt as an equivalent, acceptable method of notification.

■ "It is axiomatic that in the interpretation of a statute where the language is clear, its plain meaning should be followed." (*Great Lakes Properties, Inc.* v. *City of El Segundo* (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].) "In construing a statute to determine the intent of the Legislature the court 'turns first to the words themselves for the answer.'" (*Tracy* v. *Municipal Court* (1978) 22 Cal.3d 760, 764 [150 Cal.Rptr. 785, 587 P.2d 227].) "'When statutory language is thus clear and unambiguous there is no need for construction, and courts should not indulge in it.'" (*People* v. *Boyd* (1979) 24 Cal.3d 285, 294 [155 Cal.Rptr. 367, 594 P.2d 484].)

■ The language here is clear and unequivocal. The section explicitly states that a principal "shall be continued in such position" "unless" one of the two specified methods is followed. The use of the word "shall" indicates compliance is mandatory. (See § 75; *California Teachers Assn.* v. *Governing Board* (1977) 70 Cal.App.3d 833, 842 [139 Cal.Rptr. 155].)

We must assume "that the Legislature 'knew what it was saying and meant what it said.'" (*Tracy* v. *Municipal Court, supra,* 22 Cal.3d at p. 764.) If mere personal delivery of the notice were sufficient, the Legislature could have so provided, as it did elsewhere in the Education

---

[2]It is undisputed by the parties that the notice deadline for principals is March 1, not March 15, which is the date for other certificated personnel.

Code. (See, e.g., § 44936, providing for notice to teacher of intent to dismiss, by registered mail or service "upon the employee personally.")

Moreover, the Board's interpretation would render the phrase requiring the employee's signature mere surplusage in contravention of the principle that "'[i]f possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose.'" (*Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 663 [147 Cal.Rptr. 359, 580 P.2d 1155].)

Furthermore, the legislative history of this section (now § 44951, formerly § 13443.6),[3] reinforces the statute's plain meaning. When the section was originally enacted in 1969, it merely provided that "written notice" must be sent by the deadline date of March 15 in order to reassign an administrator to a teaching position. (Stats. 1969, ch. 1545, § 1.) In 1971, the section was amended to require that the written notice be sent by "registered mail" and that a principal be so notified by March 1. (Stats. 1971, ch. 611, § 1.)

In 1975, the section was amended to its present form with the addition of the provision for delivery of notice by other means with the employee's signed receipt. (Stats. 1975, ch. 212, § 1.) The Legislative Counsel's Digest indicated that this amendment was intended to provide as an "alternative" to the "only" recognized notification by registered mail "that such an employee may be considered to have been notified if his signature is obtained by [the deadline date] on a written notice that he is to be released." (Leg. Counsel's Dig. of Assem. Bill No. 1848, 1 Stats. 1975 (Reg. Sess.) Summary Dig., p. 55.)

Thus, whereas mere written notice would have been sufficient 10 years ago, the Legislature has specifically changed the applicable language to require a written receipt of notice, either as a result of notification by registered mail or by an alternative method. As was stated in *Clements* v. *T. R. Bechtel Co.* (1954) 43 Cal.2d 227, 232 [273 P.2d 5]: "'"The very fact that the prior act is amended demonstrates the intent to change the pre-existing law, and the presumption must be that it was intended to change the statute *in all the particulars touching*

---

[3]Former section 13443.6 of the 1959 Education Code was renumbered as section 44951, with the adoption of the Reorganized Education Code, operative April 30, 1977 (Stats. 1976, ch. 1010, § 2).

*which we find a material change in the language of the act.'"* (Emphasis added.)"(See also *Judson Steel Corp. v. Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 658, 666, fn. 6 [150 Cal.Rptr. 250, 586 P.2d 564]; *People* v. *Perkins* (1951) 37 Cal.2d 62, 64 [230 P.2d 353].) In the face of the unequivocal language of the amendments, we cannot carve out an exception recognizing "substantial compliance."

Compliance with the mandatory procedure for removing a principal is simple. It does not require a finding of cause, may be based upon no more than a personality conflict, and does not entitle the affected administrator to a hearing. (*Barton* v. *Governing Board, supra,* 60 Cal.App.3d at p. 479; *Hentschke* v. *Sink* (1973) 34 Cal.App.3d 19, 22-23 [109 Cal.Rptr. 549].) The statute does not limit the right of a board to remove an administrator for any reason satisfactory to the appointing power (*ibid.*); the statute does, however, mandate that a board comply with certain requirements for timely and proper notice as a precondition to such removal. (*Barton* v. *Governing Board, supra,* 60 Cal. App.3d at p. 479.)

In *Barton,* the court observed that the March "deadline for notice is apparently intended to afford the employee time to seek other employment as an administrator." (*Id.,* at pp. 479-480.) The procedural requirement that the affected employee acknowledge receipt of the notice of possible dismissal furthers that purpose. The formality of the procedure heightens the impact of the notice by eliminating any question that it is the official notice and that the affected employee must recognize the need to seek other employment elsewhere immediately or face reassignment to a teaching position.

In any event, we are not concerned with the wisdom of imposing such a requirement. We "do not sit as super-legislatures to determine the wisdom, desirability or propriety of statutes enacted by the Legislature." (*Estate of Horman* (1971) 5 Cal.3d 62, 77 [95 Cal.Rptr. 433, 485 P.2d 785].) The Legislature has instituted this specific requirement; it is not for us to dilute it.

The Board's reliance on *Grant* v. *Adams* (1977) 69 Cal.App.3d 127 [137 Cal.Rptr. 834], *Anaclerio* v. *Skinner* (1976) 64 Cal.App.3d 194 [134 Cal.Rptr. 303], *Council of Directors and Supervisors* v. *Los Angeles Unified Sch. Dist.* (1973) 35 Cal.App.3d 147 [110 Cal.Rptr. 624], and *Hentschke* v. *Sink, supra,* 34 Cal.App.3d 19, is misplaced. The requirement of proper notice in accordance with the section is jurisdic-

tional; unless such notice is given, the reassignment of a principal to a teaching position is ineffective and subject to reversal. (*Grant* v. *Adams, supra,* 69 Cal.App.3d at p. 134; *Barton* v. *Governing Board, supra,* 60 Cal.App.3d at p. 479.)

None of the cases cited by the Board support the proposition that, notwithstanding the mandatory language of the statute, personal delivery without obtaining the employee's signature constitutes such proper notice. In each of these cases, it was undisputed that the notice required by this section was served on the affected administrators; the removals were challenged and upheld on other grounds. As was pointed out in *Barton,* though cases such as *Hentschke* and *Council of Directors* "illustrate the broad discretionary powers of a school board, they do not liberalize the unequivocal language of [this] section . . . ." (60 Cal.App. 3d at p. 479.) Nor do the decisions in *Grant* and *Anaclerio* imply approval of demotion of principals without strict compliance with jurisdictional requirements. Those courts held that a Stull Act evaluation, unlike proper and timely notice, was not a prerequisite for the reassignment of a principal to a teaching position.

We conclude that strict compliance with the procedures for notification set forth in the statute is a prerequisite to the reassignment of a principal to a teaching position. Since Hoyme did not receive proper notice of her possible release, the trial court properly denied the Board's motion for summary judgment and granted the writ of mandate compelling her reinstatement as a principal.

### Disposition

The judgment is affirmed.

Cobey, J., and Allport, J., concurred.