[No. B057268. Second Dist., Div. Four. Mar. 11, 1993.]

HENRY JEFFERSON, Plaintiff and Appellant, v.
COMPTON UNIFIED SCHOOL DISTRICT et al., Defendants and
Respondents.

COUNSEL

Parker, Covert & Chidester and Spencer E. Covert for Plaintiff and Appellant.

Melanie E. Lomax for Defendants and Respondents.

OPINION

**WOODS (A. M.), P. J.**—This appeal is from a judgment denying appellant Henry Jefferson's petition for peremptory writ of mandate in which he sought reinstatement to his position as a principal in Compton Unified School District, respondent (District). The District reassigned appellant from principal to classroom teacher.

At the time of the events leading to this action, appellant had been employed by the District since 1965, including 13 years as an elementary school principal and 5 years as the principal of Centennial High School. On May 26, 1988, appellant was suspended from his duties by the District's superintendent, Ted Kimbrough. On June 16, 1988, the superintendent sent appellant a letter informing him of Kimbrough's decision to recommend to the board of trustees that appellant be reassigned as a classroom teacher. The letter also contained a statement of charges. This statement accused appellant of "1. Poor administrative judgment that ranges from [*sic*] [¶] 2. Willful conduct in knowingly and repeatedly violating District rules and policies and State laws; [¶] 3. Immoral conduct and dishonesty[.]" There followed a number of factual assertions in support of the charges, including: appellant's having allowed two noncertificated employees to take an unauthorized field trip with the football team; permitting a field trip without board approval; assigning noncertificated employees to teach; improperly directing a teacher to give passing grades to football players who were otherwise failing; protecting an employee from theft charges and minimizing a fight between two male staff members in a report on the incident; permitting the football coach to incur unauthorized debts and expenses; permitting the football coach to remove football players from their classes; making unauthorized cash payments for alleged security duties; being loud and abusive to staff; violating District rules; issuing a master key to a noncertificated employee; failing to follow up to take corrective actions at the school when he was directed to do so by the District; and allowing the football coach to continue in his position even after his assignment expired.

On June 22, 1988, an attorney wrote the board on appellant's behalf protesting appellant's demotion and informing the board that the demotion

violated Education Code section 44951, which provides that unless a principal receives by March 1, a written notice that he is being released from his position for the following school year, he shall be continued in his position. He requested that appellant be reinstated. On June 28, 1988, the board adopted the superintendent's recommendation and demoted appellant, who was informed of this action by letter on June 30, 1988. On July 19, 1988, appellant's attorney wrote the board, claiming that its action in demoting appellant violated statutory and constitutional rights. Appellant's attorney again claimed that his demotion violated Education Code section 44951. The letter requested reinstatement, among other remedies.

The District failed to respond to the letter. On June 11, 1990, appellant filed his verified petition for writ of mandate. In it, appellant repeated his claim that the District violated Education Code section 44951, and added that it had also violated Education Code section 44896, which states that when an administrator is transferred to a teaching position for reasons that include incompetency, he must be given an evaluation within 60 days prior to the giving of the notice of transfer. On July 16, appellant filed a motion "for Grant [sic] of Petition for Writ of Mandate" with points and authorities. On the same day, the District filed its response to the petition. Regarding appellant's claim that he was entitled to a March 1 notice under Education Code section 44951, the District contended that "no such notice was required and is required in a case where an administrator is reassigned on the basis of cause." Regarding appellant's claim that he was entitled to a competency hearing, the District denied "that incompetence was any part of the charges against [appellant] and allege[d] that the main thrust of charges against [appellant] related to misconduct." The District subsequently filed an opposition to appellant's motion seeking the granting of his petition.

On September 18, 1990, a trial on the petition was held. On October 23, 1990, the trial court issued a minute order denying the petition and, on November 1, adopted the October 23 minute order as its statement of decision.

The trial court found that the District had failed to comply with both the March 1 notice statute (Ed. Code, § 44951) and the competency examination statute (Ed. Code, § 44896). Regarding the notice statute, the court ruled that violation of it by the District did not render appellant's transfer "improper." The court interpreted the statute as one that existed to release employees "without the need to show cause[.]" Regarding the competency examination statute, the court ruled that any error in not complying with it was harmless because the District could rely on noncompetency grounds for the transfer. Furthermore, the court ruled appellant's remedy for violation of the latter statute was not reinstatement.

Appellant moved for a new trial. On March 6, 1991, the trial court denied the motion in a lengthy minute order. Regarding the March 1 notice statute, the trial court conceded that appellant had not been given notice, but it rejected appellant's claim that this precluded the District from reassigning him. The minute order stated: "If it were the law, it would mean that [appellant] could engage in any type of misconduct without placing his principal's assignment in jeopardy unless [the District] caught it in time to send a March notice. It has not been established that this was the purpose, or is the operation, of the March notice requirement. Instead, this requirement seems to be a 'without cause' reassignment or retrenchment provision designed to protect financial interests of [the District's] employees while at the same time allowing [the District] some leeway for financial and personnel planning. However, it is sufficient for present purposes to note that [appellant] failed to establish that the March notice provisions operate to insulate [him] from reassignment on grounds of misconduct."

The trial court also conceded that it had found in appellant's favor regarding application of the competency examination statute. The court found, however, that "[appellant] was also charged with willful misconduct. [Appellant's] papers did not attack the charge of wilful misconduct. Instead, [appellant's] papers attacked only the lack of the Educ. Code [section] 44951 March notice and the lack of the Stull incompetency evaluation. . . . Since it was not shown that [the District] acted unlawfully in reassigning [appellant] on grounds of misconduct, [appellant's] showing was simply incomplete and failed to support reinstatement with back pay and benefits."

Appellant appealed. We affirm.

I

Appellant's petition for mandate was brought under Code of Civil Procedure section 1085. This section provides that the superior court may issue a writ "to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by [an] inferior tribunal, corporation, board or person." (Code Civ. Proc., § 1085.) ■ "[R]eview by ordinary mandamus is confined to an examination of the agency proceedings to determine whether the action taken is arbitrary, capricious or entirely lacking in evidentiary support, or whether it failed to conform to procedures required by law. [Citation.]" (*Stauffer Chemical Co.* v. *Air Resources Board* (1982) 128 Cal.App.3d 789, 794 [180 Cal.Rptr. 550].) ■ Also relevant to our review of the mandamus proceedings in this case is the rule that a

question of law such as the interpretation of a statute is one which we undertake de novo. (*Goddard* v. *Smith Bay-Union High School Dist.* (1978) 79 Cal.App.3d 98, 105 [144 Cal.Rptr. 701].) Bearing these standards of review in mind, we turn to appellant's contentions.

 Appellant first contends that his reassignment was ineffective because the District failed to comply with a notice statute, Education Code section 44951. That section in pertinent part states: "Unless a certificated employee holding a position requiring an administrative or supervisory credential is sent written notice deposited in the United States registered mail with postage prepaid and addressed to his or her last known address by March 15 that he or she may be released from his or her position for the following school year . . . , he or she shall be continued in the position. . . . A school principal shall be notified by March 1 if the governing board determines on an individual basis that he or she may be released for the following school year." (Ed. Code, § 44951.)

The court below concluded that the District had failed to comply with the March 1 notice requirement, but went on to rule that the statute was inapplicable where reassignment was for cause.[1] After careful consideration, we agree.

 "[T]he statutory purpose of section 44951 is to afford the certificated employee a measure of security in terms of year-to-year employment" (*Hahn* v. *Board of Education* (1988) 205 Cal.App.3d 744, 752 [252 Cal.Rptr. 471]) by "afford[ing] the employee time to seek other employment as an administrator." (*Barton* v. *Governing Board* (1976) 60 Cal.App.3d 476, 479-480 [131 Cal.Rptr. 455].) Reassignment under this section "does not require a finding of cause, may be based upon no more than a personality conflict, and does not entitle the affected administrator to a hearing. [Citations.]" (*Hoyme* v. *Board of Education* (1980) 107 Cal.App.3d 449, 454 [165 Cal.Rptr. 737].) This requirement has been termed jurisdictional. (*Hoyme* v. *Board of Education, supra,* at pp. 454-455.)

Notwithstanding this statutory provision affecting their employment, school administrators do not have tenure in their positions. (*Grant* v. *Adams* (1977) 69 Cal.App.3d 127, 133 [137 Cal.Rptr. 834]; *Hahn* v. *Board of Education, supra,* 205 Cal.App.3d at pp. 750-751.) Indeed, as *Hoyme* notes, reassignment may be for any reason (*Hoyme* v *Board of Education, supra,* 107 Cal.App.3d at p. 454), and the purpose of the March 1

---

[1] Thus, by implication, the trial court rejected the District's claim that appellant's misconduct was not discovered until after March 1, 1988. The District argues the same position here, and on improper material. We do not consider the argument further.

notice is to provide an administrator time within which to find another administrative job, rather than accept reassignment as a teacher. While this is certainly a laudable goal, we think that it is somewhat less significant than the right of a school district to reassign an administrator for misconduct or for other cause. As suggested by the trial court, there is no support for holding that the Legislature contemplated application of Education Code section 44951 to a reassignment for cause. Otherwise, we would, in effect, be holding that Education Code section 44951 precludes a school from reassigning an administrator after March 1 regardless of the conduct which necessitated the reassignment. It is a cardinal rule of statutory construction that "statutes must be interpreted so as to avoid absurd or unfair results. [Citations.]" (*Simpson* v. *Unemployment Ins. Comp. Appeals Bd.* (1986) 187 Cal.App.3d 342, 351 [231 Cal.Rptr. 690].) To interpret section 44951 in the manner suggested by appellant would lead to such a result.

Moreover, there is support for the cause/no cause distinction made by the trial court in *Ellerbroek* v. *Saddleback Valley Unified School Dist.* (1981) 125 Cal.App.3d 348 [177 Cal.Rptr. 910]. In that case, a principal was reassigned to another administrative post without having been given the March 1 notice. The principal obtained a writ of mandate, and the school district appealed. On appeal, the district argued that Education Code section 44951 was inapplicable because the reassignment had been for cause. The appellate court determined that the district had not established that the reassignment was for cause and for that reason Education Code section 44951 applied. (*Id.* at p. 366.) *Ellerbroek* plainly suggests that a cause/no cause distinction is a legitimate one under the statute and, had the district established that the reassignment in that case was for cause, Education Code section 44951 would not have applied. We agree with *Ellerbroek*, and hold in this case that, because appellant's reassignment was for cause, compliance with Education Code section 44951 was not mandatory.

Appellant argues that, if cause did indeed exist, the District should have applied Education Code section 44932 et seq., which governs the dismissal or suspension of permanent employees. But the District did not seek to either suspend or dismiss appellant, only to reassign him and, therefore, those provisions of the Education Code do not apply. If, in effect, appellant is arguing that, once cause existed, he should have been suspended or dismissed, and that reassignment was improper, we cannot agree that a school district should be forced to the greater penalty when, in its judgment, the lesser suffices. (Cf. *Fontana Unified School Dist.* v. *Burman* (1988) 45 Cal.3d 208, 218-219 [246 Cal.Rptr. 733, 753 P.2d 689] [Under section 44944, pertaining to a dismissal/suspension hearing, "[t]he district may determine when to seek disciplinary action and what discipline to seek."] In any event, we do not see how this argument inures to appellant's benefit.

Finally, appellant argues that, contrary to the trial court's specific finding, he did challenge the factual validity of the Board's charges against him so that no cause existed for his reassignment. The trial court found that appellant had challenged only the procedural validity of his reassignment. We agree with this finding.

Appellant's petition did not challenge the factual validity of the charges against him, but only the District's failure to comply with the two procedural statutes. It is true, as appellant argues, that in his reply memorandum to the District's opposition to his petition, he raised certain factual matters but these contentions were directed to the District's assertion that it had no knowledge of his misconduct prior to March 1, rather than to whether the misconduct occurred.[2]

Accordingly, we reject appellant's contention that he successfully controverted the District's assertion of cause for his reassignment.

## II

■ Appellant next argues that his reassignment is invalid because the District failed to require a competency hearing under Education Code section 44896 (which the parties refer to as a "Stull Act evaluation," after the legislator who authored the section). Section 44896 provides: "Whenever a person employed in an administrative or supervisory position requiring certification qualifications is transferred to a teaching position, the governing board of the school district shall give such employee, when requested by him, a written statement of the reasons for such transfer. If the reasons include incompetency, an evaluation of the person pursuant to Article 11 (commencing with Section 44660) of Chapter 3 of this part shall have been completed not more than 60 days prior to the giving of the notice of the transfer." (Ed. Code, § 44896.)

■ Unlike the notice requirement in section 44951, a Stull Act evaluation is not a jurisdictional prerequisite to reassignment. (*Hahn* v. *Board of Education, supra,* 205 Cal.App.3d at p. 751.) Moreover, failure to comply with the statute does not entitle an employee to reinstatement to his or her former position, but only an evaluation under the statute, and compensation of any diminution in salary suffered as a result of the transfer. (*Id.* at p. 752.)

---

[2]Appellant argued: "[The District's] unsupported statement that [appellant's] alleged 'wrongdoing' was discovered after the March 1 deadline . . . is belied by the evidence." Far from controverting the allegations of wrongdoing, some of the documents presented in connection with this claim show that, in fact, appellant had committed some of the acts which were the grounds for his reassignment, prior to March 1, as for instance, his allowing a noncertificated employee to teach.

In this case, the trial court ruled that the District had also failed to comply with this statute. The sanction imposed by section 44896 prohibited the District from relying on incompetency charges to support the reassignment. But as the court observed, the District had alleged willful misconduct as well, charges which were unaffected by its failure to comply with the Stull Act evaluation. Appellant does not argue that the court erred in fashioning this remedy and we, accordingly, find no error. (*In re Raymundo B.* (1988) 203 Cal.App.3d 1447, 1452 [250 Cal.Rptr. 812] [error not presumed but must be affirmatively shown].)

### III

Finally, appellant argues, apparently, that the trial court failed to provide an adequate statement of decision. In his motion for new trial, when he first raised this argument, he claimed the court had failed to address four issues: (1) Whether he had challenged the factual validity of the District's charges against him; (2) whether the District had knowledge of his misconduct prior to March 1; (3) whether his reassignment complied with the hearing requirements of the dismissal and suspension statutes; and (4) whether his transfer from his position involved claims of incompetency.

Responding to this claim in its new trial order, the court below ruled that appellant's first request was disposed of by the court's observation that appellant had failed to overcome the presumption of correctness attendant upon the District's actions, that the second and third requests had not been raised in the petition and were therefore disregarded when raised in the new trial motion, and regarding his fourth claim, the court had ruled that this issue was immaterial. This response is set forth in paragraph 9 of the court's order. Appellant has failed even to address it, much less show error. Accordingly, we find no error. (*In re Raymundo B., supra,* 203 Cal.App.3d at p. 1452.)

The judgment is affirmed. The District to have its costs on appeal.

Vogel (C. S.), J., and Hoffman, J.,* concurred.

A petition for a rehearing was denied April 8, 1993, and appellant's petition for review by the Supreme Court was denied June 3, 1993.

---

*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.