Filed 9/6/13

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR


| | |
|---|---|
| SHANNA PETERSIL, | B240868 |
| Petitioner and Appellant, | (Los Angeles County Super. Ct. No. BS132906) |
| v. | |
| SANTA MONICA-MALIBU UNIFIED SCHOOL DISTRICT, | |
| Defendant and Respondent. | |


APPEAL from a judgment of the Superior Court of Los Angeles County, Anne I. Jones and Joseph R. Kalin, Judges.  Affirmed.

Trygstad, Schwab & Trygstad, Shanon Dawn Trygstad, Lawrence B. Trygstad, and Richard J. Schwab for Petitioner and Appellant.

Gibeaut, Mahan & Briscoe, Gary R. Gibeaut, Nancy Mahan-Lamb, and John W. Allen for Defendant and Respondent.


_____

**INTRODUCTION**

Shanna Petersil appeals from a judgment denying her petition for a writ of mandate directing respondent Santa Monica-Malibu Unified School District (District) to reinstate her as a permanent certificated employee, effective July 1, 2010, and award her backpay. On appeal, Petersil contends the superior court erred in determining she did not become a permanent employee by operation of law. Specifically, she contends the notices of nonreelection she received after her first and second years were legally insufficient. We conclude that the notice of nonreelection following her first year was legally sufficient to terminate her employment for that year. Thus, she was a temporary employee during her second year, and her notice of nonreelection following that year was effective as well. Accordingly, she did not become a permanent employee. We affirm.

**FACTUAL AND PROCEDURAL HISTORY**

Appellant began working as a certificated employee for the District on August 28, 2008. The next day, appellant signed a written offer of employment, agreeing to work as a "[t]emporary certificated employee in Elementary Education" for the 2008-2009 school year, for the time period August 28, 2008 through June 19, 2009. She worked more than 75 percent of the 2008-2009 school year.

On March 9, 2009, the District mailed a certified letter to appellant, stating that she would not be rehired for the following school year. The letter stated: "This letter is to provide you notice that the Governing Board of the Santa Monica-Malibu Unified School District, at its meeting of March 5, 2009, took action not to reemploy you for the upcoming 2009-2010 school year. This notice of non-reelection is provided pursuant to the requirements of Education Code section

2

44954.  Accordingly, your employment with the District will terminate upon conclusion of your regularly scheduled workday for the 20089 school year." Enclosed with the letter was a copy of the Board's resolution, which provided that "employees serving only pursuant to temporary employment contracts [would] be released."

On July 29, 2009, the District reemployed appellant, pursuant to a July 29, 2009 written offer of employment.  She was hired as a "[t]emporary certificated employee in Elementary Education" for the 2009-2010 school year, for the time period September 4, 2009 through June 25, 2010.  Appellant worked more than 75 percent of the 2009-2010 school year.

On March 5, 2010, the District sent appellant a certified letter, notifying her that she would not be rehired for the 2010-2011 school year.  In its written notice, the District stated:  "This letter is to provide you notice that the Governing Board of the Santa Monica-Malibu Unified School District, at its meeting of March 4, 2010, took action not to reemploy you for the upcoming 2010-2011 school year. You are considered to be a 'temporary' employee with the district, and as such your employment contract with the district ends no later than June 25, 2010.  This notice of non-reelection is provided pursuant to the requirements of Education Code section 44954.  Accordingly, your employment with the District will terminate upon the conclusion of your teaching assignment for the 2009-2010 school year."  Enclosed with the letter was a copy of the Board's resolution, which provided that "employees serving only pursuant to temporary employment contracts [would] be released."

Before the beginning of the 2010-2011 school year, the District contacted appellant to see if she wished to return for another year as a temporary employee. Because appellant had recently had a child, she notified the District she needed a

3

short maternity leave. Because she could not report to work at the beginning of the school year, the District declined to offer her a temporary position. In November 2011, she began working as a part-time employee for the District.

On July 19, 2011, appellant filed a petition for a writ of mandate pursuant to Code of Civil Procedure section 1085. Appellant alleged that she was improperly classified as a temporary employee instead of a Probationary I employee for the 2008-2009 school year, pursuant to Education Code section 44916.[1] In support of her petition, appellant argued she had become a permanent employee pursuant to section 44929.21, subdivision (b), which provides that an employee who has been employed for two complete consecutive school years and is reelected for the next succeeding school year "shall, at the commencement of the succeeding school year[,] be classified as and become a permanent employee of the district." Appellant argued she had been employed for two complete school years because the District's two notices of nonreelection were ineffective, as the notices did not comply with section 44929.21, subdivision (b), and the notices referenced an Education Code provision applicable only to temporary employees.[2]

In her declaration supporting the petition, appellant stated the District mailed the notice of nonreelection for the 2009-2010 school year on March 9, 2009. As for the notice of reelection or nonreelection for the 2010-2011 school year, she

---

[1]   All further statutory citations are to the Education Code, unless otherwise stated.

   "Probationary I" is the term used for probationary employees during their first year. "Probationary II" is the term used for probationary employees during their second year.

[2]   Section 44908 provides that a probationary certificated employee who has worked more than 75 percent of the school year is deemed to have served one complete school year.

4

stated that "[o]n March 5, 2010, I received a letter stating that the Governing Board, at its March 4, 2010 meeting, took action to release me as a temporary employee pursuant to Education Code § 44954." (Italics omitted.)

The District filed a memorandum of points and authorities opposing the petition. The District conceded that because appellant had started working the day before she signed her first contract as a temporary employee, she became, by operation of law, a Probationary I employee for the 2008-2009 school year. (See *Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 926 (*Kavanaugh*).) The District contended, however, that the two notices of nonreelection were effective because (1) section 44929.21, subdivision (b) does not, by its terms, apply to Probationary I employees, and (2) the reference to the incorrect statutory provision did not prejudice appellant's due process rights.

Appellant filed a reply, contending she was not properly nonreelected as a Probationary I teacher in March 2009, because the notice of nonreelection did not reference section 44929.21, and there was no Board resolution authorizing that appellant be nonreelected as a probationary employee.

On March 21, 2012, the superior court denied appellant's petition. In its written statement of decision, the court (Hon. Ann I. Jones) determined that when appellant was first hired, "both she and the District believed that she was a temporary certifi[cated] employee." The court determined that by operation of law, appellant was a Probationary I employee, because she started working before she received written notification that she was a temporary employee. However, the court concluded that her misclassification as a temporary employee did not render the subsequent notices of nonreelection ineffective, because (1) section 44929.21, subdivision (b) does not apply to Probationary I employees, and (2) the reference to the wrong statutory authority did not prejudice appellant.

5

Judgment in favor of the District was entered April 9, 2012. Appellant timely appealed.

## DISCUSSION

Appellant contends the trial court erred in denying her petition for a writ of mandate. "Ordinary mandamus is an appropriate remedy when challenging a school district's assignment, classification, or discipline of a teacher. [Citations.] In reviewing a trial court's judgment on a petition for writ of ordinary mandamus, we apply the substantial evidence test to the trial court's factual findings. We exercise our independent judgment on questions of law. [Citation.]" (*Vasquez v. Happy Valley Union School Dist.* (2008) 159 Cal.App.4th 969, 980 (*Vasquez*).)

"The Education Code establishes four possible classifications for certificated employees: permanent, probationary, substitute and temporary." (*Taylor v. Board of Trustees* (1984) 36 Cal.3d 500, 504-505.) "A certificated teacher's classification . . . governs the level of statutory job protection the teacher enjoys and controls the level of procedural protections that apply if he or she is not reelected. . . . Probationary employees may not be dismissed during the school year except for cause or unsatisfactory performance (§ 44948.3), but, on timely notice, 'may be nonreelected without any showing of cause, without any statement of reasons, and without any right of appeal or administrative redress.'" (*Kavanaugh*, *supra*, 29 Cal.4th at p. 917, quoting *Bellflower Education Assn. v. Bellflower Unified School Dist.* (1991) 228 Cal.App.3d 805, 808; see also *Board of Education v. Round Valley Teachers Assn.* (1996) 13 Cal.4th 269, 281 ["[S]chool districts have the absolute right to decide not to reelect probationary teachers without providing cause or other procedural protections to the terminated employees, and without regard to contrary provisions in a collective bargaining

6

agreement."]; *California Teachers Assn. v. Mendocino Unified School Dist*. (2001) 92 Cal.App.4th 522, 526-527 [school district can terminate a probationary teacher's employment effective the end of the teacher's yearly contract without cause].)

Appellant worked for the District under two temporary employment contracts. Ordinarily, she would be classified as a temporary employee each year. However, because she worked one day before she signed her first contract, she was, by operation of law, a Probationary I employee for the 2008-2009 school year. (See *Kavanaugh*, *supra*, 29 Cal.4th at p. 926.) In addition, she was on track to become a permanent employee under section 44929.21, subdivision (b). As discussed previously, under that statute, if appellant were employed for two complete consecutive school years as a probationary employee *and* were reelected for the next succeeding school year, she would, "at the commencement of the succeeding year[,] be classified as and become a permanent employee of the district." (§ 44929.21, subd. (b).) Appellant argues she satisfied the requirements to become a permanent employee despite the temporary employment contracts, because, by operation of law, she became a Probationary II employee her second year and a permanent employee her third year. Appellant's argument is based upon her contention that the District's notices of nonreelection during her first and second years were ineffective. For the reasons set forth below, we disagree that appellant became a permanent certificated employee of the District.

Appellant contends that as a Probationary I employee, she was entitled to timely notice pursuant to section 44929.21, subdivision (b) in her first year of employment. That provision provides in pertinent part:

> "The governing board shall notify the employee, on or before March 15 of the employee's second complete consecutive school year of employment by the district in a position or positions requiring certification qualifications, of

7

the decision to reelect or not reelect the employee for the next succeeding school year to the position. In the event that the governing board does not give notice pursuant to this section on or before March 15, the employee shall be deemed reelected for the next succeeding school year." (§ 44929.21, subd. (b).)

Assuming, without deciding, that section 44929.21, subdivision (b) is applicable to a Probationary I certificated employee, that statute permits "notice of nonreelection to be given to the probationary teacher any time during the first year, i.e., *before* March 15 of the second year of employment." (*Grimsley v. Board of Trustees* (1987) 189 Cal.App.3d 1440, 1447 (*Grimsley*); accord, *Vasquez, supra*, 159 Cal.App.4th at p. 975.)[3] As explained in *Vasquez,* "[t]o effectuate [a] no-cause termination, the school district must give the probationary teacher timely notice of its decision not to reemploy the teacher. If the district decides not to reemploy the teacher effective the end of the teacher's first year of probationary status, the district may give notice at any time during the first year of employment. [Citation.] If the district decides not to reemploy the teacher effective the end of the teacher's second year of probationary status, the district must give notice by March 15 of that year. (§ 44929.21, subd. (b).)" (*Vasquez, supra*, 159 Cal.App.4th at p. 975, citing *Grimsley, supra*, at pp. 1447-1448.)

Appellant does not dispute the timeliness of the original notice of nonreelection. Rather, she contends that the notice was defective because it referred to section 44954, which applies only to temporary employees. However, the statutory provision appellant contends controls -- section 44929.21, subdivision (b) – prescribes no particular form of notice of nonreelection, and contains no

---

[3]  If section 44929.21, subdivision (b) does not apply to Probationary I certificated employees, there is no statutory right to notice of nonreelection, and the District could terminate appellant's employment after the first year under basic principles of contract law. (*Grimsley, supra*, 189 Cal.App.3d at p. 1448.)

8

requirement that any statutory provision be cited in the notice. The section requires only that the probationary employee be notified of the Board's decision to reelect or to not reelect before March 15 of the second year of employment. (See *Hoschler v. Sacramento School District* (2007) 149 Cal.App.4th 258, 267 (*Hoschler*) ["Since a probationary teacher has no procedural due process rights under section 44929.21, notification of [her] non-reelection is the 'end of the line' for that teacher."].) That occurred here: Appellant acknowledged that the District mailed her a notice of nonreelection in March 2009, before the end of her first year. She also acknowledged that she was not re-employed by the District until July 29, 2009. Thus, she received timely notice of her nonreelection for the following school year.

Similarly, the fact that the Board's decision not to reelect appellant was made while under a mistaken belief that she was a temporary employee is irrelevant. Nothing in the record suggests the Board's decision not to reelect appellant was affected by its failure to appreciate that she had become a probationary employee by operation of law. The District's only obligation to appellant was to "notify" her of the Board's decision. A statement of reasons was not required, and the record reveals none. As appellant received notice of the Board's decision before March 15 of her second year of employment, the requirements of section 44929.21, subdivision (b) were satisfied.

Appellant further contends that the first notice of nonreelection was ineffective because it was sent by certified mail and was not personally served. Section 44929.21, subdivision (b) does not prescribe a method of service for the notice of nonreelection. "Under accepted canons of statutory interpretation, where a statute does not prescribe the method of notice, personal service is contemplated." (*Hoschler, supra,* 149 Cal.App.4th at p. 267.) Accordingly, "the

9

notification requirement of section 44929.21, subdivision (b) contemplates personal service or some other method equivalent to imparting actual notice." (*Id.* at p. 269; see also *Grace v. Beaumont Unified School Dist.* (2013) 216 Cal.App.4th 1325, 1331 ["[T]he receipt of actual notice of nonretention trumps any requirement of personal service. Actual notice fully meets the purpose of the statute [(section 44929.21)]."].) Though not required to do so, the District sent appellant the March 9, 2009 notice of nonretention by certified mail. The record shows appellant had actual notice of the Board's decision not to reelect her for the following year, as she admitted having actual knowledge of the March 2009 notice of nonretention. In short, the 2009 notice of nonreelection complied with the requirements of section 44929.21, subdivision (b), and was effective.

Appellant's reliance on *Hoyme v. Board of Education* (1980) 107 Cal.App.3d 449 (*Hoyme*) and *Barton v. Governing Board* (1976) 60 Cal.App.3d 476 (*Barton*) is misplaced. Those cases held that a school district must strictly comply with the notice requirements in section 44951 before releasing an administrative employee or reassigning the employee to a nonadministrative position. (*Hoyme*, *supra*, at pp. 451-452 [release]; *Barton*, *supra*, at p. 479 [reassignment].)[4] Section 44951 provides in pertinent part:

"Unless a certificated employee holding a position requiring an administrative or supervisory credential is sent written notice deposited in the United States registered mail with postage prepaid and addressed to his or her last

---

[4]     We note that *Barton* appears to have been undermined by the subsequent California Supreme Court decision in *Barthuli v. Board of Trustees* (1977) 19 Cal.3d 717, 721, holding that administrative and supervisory employees have no due process right to contest reassignment. (See *Agosto v. Board of Trustees of Grossmont-Cuyamaca Community College Dist.* (2010) 189 Cal.App.4th 330, 342, fn. 10.)

10

known address by March 15 that he or she may be released from his or her position for the following school year, or unless the signature of the employee is obtained by March 15 on the written notice that he or she may be released from his or her position for the following year, he or she shall be continued in the position." In *Hoyme*, *supra*,107 Cal.App.3d at page 451, the court held that notice by personal delivery without obtaining the employee's signature did not satisfy the requirements of section 44951 that notice be sent by registered mail or that the employee's signature be obtained. Likewise, in *Barton*, the court found that merely informing the employee that he would be reassigned was insufficient to meet the notice requirements of section 44951. (*Barton*, *supra*, 60 Cal.App.3d at pp. 478-479 [addressing former version of section 44951].) Both cases are easily distinguishable as here, the District complied with the requirements of section 44929.21, subdivision (b) by imparting actual notice to appellant of her nonreelection before March 15 of her second year of employment.

Appellant's reliance on *Griego v. Los Angeles Unified School Dist.* (1994) 28 Cal.App.4th 515 is equally unavailing. There, the certificated employee taught during three school years as a probationary employee. In the first and third years, she worked a complete school year. During the second year she taught less than 75 percent of the school year because she took an approved leave of absence for a work-related injury. The school district notified the employee of her nonreelection on June 23 of her third year. (*Id*. at p. 517.) On appeal, the court concluded that appellant was a permanent employee pursuant to section 44929.21, subdivision (b), as she had served more than two consecutive complete years as a probationary employee and was deemed reelected for the following school year, because she had not been notified before March 15 of her nonreelection. (*Id*. at pp. 520-521.) The court determined that appellant had served more than two complete consecutive

11

terms because her leave of absence in the second year did not interrupt her service time, as under section 44975, "[n]o leave of absence when granted to a probationary employee shall be construed as a break in the continuity of service required for the classification of the employee as permanent." (*Id*. at pp. 518, 520, italics omitted.) The instant case does not involve the effect of leaves of absence on service time. More important, here, appellant was notified of her nonreelection before March 15 of her second year of employment. Thus, appellant was not reelected for the 2009-2010 school year as a Probationary II employee; rather, she was a temporary employee her second year. As appellant concedes, if she was a temporary employee during the 2009-2010 school year, the notice she received in March 2010 was effective.

Because the notices of nonreelection were valid and effective, appellant was not reelected for the next succeeding school year after completing two years of service as a probationary employee. Thus, she failed to meet the requirements to become a permanent employee under section 44929.21, subdivision (b). Accordingly, the trial court did not err in denying appellant's petition for a writ of mandate directing the District to reinstate her as a permanent employee, effective July 1, 2010, and award her backpay.

## DISPOSITION

The judgment of dismissal is affirmed.  Costs are awarded to respondent.

**CERTIFIED FOR PUBLICATION.**


MANELLA, J.


We concur:


EPSTEIN, P. J.


WILLHITE, J.